Mr. David G. Conn Attorney for the Clerk of Circuit Court Post Office Box 5239 St. Augustine, Florida 32085-5239
Dear Mr. Conn:
You have asked on behalf of the Clerk of the Circuit Court for St. Johns County substantially the following question:
 Are travel expenses reimbursed by the county from tourist development tax revenues to representatives of the chamber of commerce who promote and advertise tourism in St. Johns County subject to s. 112.061, F.S. (1988 Supp.)?
In sum, I am of the following opinion:
 As an exception to s. 112.061, F.S. (1988 Supp.), the county, pursuant to s. 125.0104(9), F.S. (1988 Supp.), is authorized to reimburse the actual reasonable and necessary costs of travel, meals, lodging, and incidental expenses of authorized persons when meeting with travel writers, tour brokers, or other persons connected with the tourist industry, and while attending or traveling in connection with travel or trade shows.
You state that the local chamber of commerce chooses representatives to meet with professional travel agents and other persons associated with communications and the media to promote and advertise tourism in St. Johns County. In connection with these trips, the representatives incur travel expenses, including meals. The chamber submits a bill to the county commission for reimbursement of the representatives' travel expenses. After the county commission determines that the expenses serve to promote and advertise tourism, the expenses are paid from tourist development tax revenues. The question arises whether the reimbursement to the representatives is subject to s. 112.061, F.S. (1988 Supp.).
The purpose of s. 112.061, F.S. (1988 Supp.), is "to establish uniform maximum rates, and limitations, with certain justifiable exceptions, applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency."[1] (e.s.) The chamber representatives you describe are neither public officers nor public employees.[2] Section112.061(2)(e), F.S. (1988 Supp.), however, defines "[a]uthorized person" as:
 1. A person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head[3] to incur travel expenses in the performance of his official duties. (e.s.)
 2. A person who is called upon by an agency to contribute time and services as consultant or adviser.
 3. A person who is a candidate for an executive or professional position.
To the extent the chamber representatives are authorized by the county to incur expenses in the performance of the county's official duties, they would be an "authorized person."
Section 112.061(1), F.S. (1988 Supp.), further provides:
 (b) To preserve the standardization and uniformity established by this law:
 1. The provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption.
 2. The provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict.
Thus, s. 112.061, F.S. (1988 Supp.), generally provides the exclusive method by which travel expenses for public officers, employees and authorized persons are paid by a public agency. However, this is the case only to the extent specific exemptions by reference to s. 112.061, F.S. (1988 Supp.), are not contained in a general law, or conflicts with special or local laws do not exists.
The "Local Option Tourist Development Act,"[4] (the act) authorizes counties to levy a tax on the letting or leasing of accommodations for a term of six months or less.[5] Tax revenues are to be used, among other things, "[t]o promote and advertise tourism in the State of Florida and nationally and internationally. . . ."[6]
The act recognizes that counties imposing the tourist development tax may create agencies for the purpose of promoting tourism.[7]
In addition to the powers and duties that counties may give to such agencies, the agencies are authorized and empowered to
 [p]rovide, arrange, and make expenditures for transportation, lodging, meals, and other reasonable and necessary items and services for such persons, as determined by the head of the agency, in connection with the performance of promotional and other duties of the agency. . . .[8]
Furthermore, s. 125.0104(9)(c), F.S., specifically provides that such agencies may
 [p]ay by advancement or reimbursement, or by a combination thereof, the actual reasonable and necessary costs of travel, meals, lodging, and incidental expenses of officers and employees of the agency and other authorized persons when meeting with travel writers, tour brokers, or other persons connected with the tourist industry, and while attending or traveling in connection with travel or trade shows. With the exception of provisions concerning rates of payment, the provisions of s. 112.061 are applicable to the travel described in this paragraph. (e.s.)
The language of the statute specifically refers to and excepts from s. 112.061, F.S. (1988 Supp.), the rate of payment for reimbursement of travel expenses paid under the act. Pursuant to s. 112.061(1)(b), F.S. (1988 Supp.), therefore, the rate of payment of travel expenses by a tourism promotion agency would not be controlled by Ch. 112, F.S.
It is my opinion, therefore, that to the extent s. 125.0104(9)(c), F.S. (1988 Supp.), prescribes that "actual reasonable and necessary costs" shall be paid for travel, meals, lodging, and incidental expenses of authorized persons, it would control over s. 112.061, F.S. (1988 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 112.061(1)(a), F.S. (1988 Supp.).
[2] Section 112.061(2), F.S. (1988 Supp.), defines "public officer" and "[e]mployee" as follows:
 (c) Officer or public officer — An individual who in the performance of his official duties is vested by law with sovereign powers of government and who is either elected by the people, or commissioned by the Governor and has jurisdiction extending throughout the state, or any person lawfully serving instead of either of the foregoing two classes of individuals as initial designee or successor. (d) Employee or public employee — An individual, whether commissioned or not, other than an officer or authorized person as defined herein, who is filling a regular or full-time authorized position and is responsible to an agency head.
[3] Section 112.061(2)(b), F.S. (1988 Supp.), defines "agency head" as "the highest policymaking authority of a public agency, as herein defined. "Public agency" is defined as "[a]ny office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law."
[4] See, s. 125.0104(1), F.S. (1988 Supp.).
[5] Section 125.0104(3)(a), F.S. (1988 Supp.), provides:
 It is declared to be the intent of the Legislature that every person who rents, leases, or lets for consideration any living quarters or accommodations in any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a period of 6 months or less is exercising a privilege which is subject to taxation under this section, unless such person rents, leases, or lets for consideration any living quarters or accommodations which are exempt according to the provisions of chapter 212.
[6] Section 125.0104(5), F.S. (1988 Supp.), provides the exclusive purposes for which the tourist development tax revenues may be used.
[7] See, s. 125.0104(9), F.S. (1988 Supp.).
[8] See, s. 125.0104(9)(a), F.S. (1988 Supp.).